UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANTRAZ J. OLIVER-MCCLUNG,

        Petitioner,         Case Number: 2:18-12067
                                                            HONORABLE SEAN F. COX

v.

ERICK BALCARCEL,

        Respondent.
_____/

## ORDER

**(1) GRANTING PETITIONER'S MOTION TO REOPEN THE TIME TO FILE AN APPEAL (ECF 17),**

**(2) DENYING MOTION FOR RELEASE ON BOND (ECF 19), AND**

**(3) DENYING MOTION FOR RELIEF FROM JUDGMENT (ECF 20)**

Petitioner Dantraz Oliver-McClung filed a *pro se* petition for a writ of habeas corpus challenging his convictions for three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(d)(ii), and four counts of assault with intent to commit criminal sexual conduct involving penetration, § 750.520g(1). (ECF No. 12.) The Court denied relief in an Order dated August 5, 2021. (ECF No. 12.) The Court's Order was mailed to Petitioner but was returned as undeliverable. (ECF No. 13.) Petitioner maintains that he did not receive the Court's Order until November 3, 2021. Now before the Court are three motions filed by Petitioner. For the reasons discussed, the Court grants Petitioner's motion

to reopen the time to file an appeal, and denies his motions for release on bond and for relief from judgment.

## Motion to Reopen

Petitioner has filed a motion asking the Court to reissue the order denying habeas corpus relief because he did not receive a copy of the court's order and judgment until after the time for filing a notice of appeal or for extension of time had expired. The Court construes the motion as a motion to reopen the time to file a notice of appeal under Fed. R. App. P. 4(a)(6).

Generally, a notice of appeal must be filed 30 days after the judgment is entered. *See* Fed. R. App. P. 4(a)(1)(A). A motion for extension of time must be filed within 30 days after the time for filing a notice of appeal has ended. *See* Fed. R. App. P. 4(a)(5)(A). A party who does not timely file a notice of appeal or a timely motion for enlargement of time may seek to reopen the time to file an appeal under Rule 4(a)(6), which provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).[1]

Petitioner satisfies the elements of Rule 4(a)(6). His motion to reopen was filed within 14 days of receiving notice of the denial of his habeas corpus petition, satisfying subsection (B). With regard to subsection (C), Respondent does not oppose the motion and has not alleged that he would be prejudiced if the motion to reopen were granted.

Under subsection (A), the remaining question is when Petitioner received notice of the Court's judgment. Petitioner bears the burden of proving non-receipt (or delayed receipt), *Evans v. United States*, No. 96-1962, 1998 WL 598712, *2 (6th Cir. 1998), but courts have recognized that "[n]on-receipt is difficult to prove conclusively." *Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995).

Petitioner satisfies the burden of establishing non-receipt – the Court's order was returned as undeliverable. He did not receive the order because he had been transferred to a different prison. Litigants, including those who are proceeding pro se, have an obligation to promptly notify the Court of an address change. *See* E.D. Mich. L.R. 11.2.

---

[1] Federal Rule of Civil Procedure 77(d) provides, in relevant part:

> (1) Service. Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party....
>
> (2) Time to Appeal Not Affected by Lack of Notice. Lack of notice of the entry does not affect the time for appeal or relieve – or authorize the court to relieve – a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).

Fed. R. Civ. P. 77(d).

Petitioner maintains that he satisfied this obligation by notifying the Court of his address change by letter in May 2021. Petitioner did not receive any documents indicating the Court received his letter and no letter was docketed by the Clerk of Court. So, on October 22, 2021, Petitioner sent a second letter notifying the Court of his address change and inquiring about the status of his case. (ECF No. 15.) On November 3, 2021, Petitioner received a copy of the docket and, he maintains, learned for the first time that his petition had been denied. (*See* ECF No. 17, PageID.2356.)

Petitioner provides nothing other than his own statement to prove that he mailed an initial address-change letter to the Court in May 2021. But the Sixth Circuit Court of Appeals has found a party's own statement regarding lack of notice, by itself, to be sufficient to show non-receipt. *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 369 (6th Cir. 2007). The Court similarly finds Petitioner's statement sufficient in this case to establish that he provided notice of his new address. Accordingly, the Court will grant Petitioner's motion and reopen the time to file an appeal for fourteen days from the date of this Order.

## Motion for Release on Bond

Petitioner also has filed a motion for release on bond pending appeal pursuant to Fed. R. App. P. 23(c). Rule 23(c) provides that when a decision ordering the release of a prisoner is on appeal, the prisoner must be released unless the court orders otherwise. This rule creates "a presumption of release pending appeal where a petitioner has been granted habeas relief." *O'Brien v. O'Laughlin*, 557 U.S. 1301, 1302 (2009) (citing *Hilton*

*v. Braunskill*, 481 U.S. 770, 774 (1987)); Fed. Rule App. Proc. 23(c). Here, Rule 23(c) is inapplicable because the Court has denied relief.

Motion for Relief from Judgment

Finally, Petitioner has filed a motion for relief from judgment, seeking the same relief sought in his motion to reopen the time to file an appeal. Because the Court is granting Petitioner's motion to reopen the time to file an appeal, his motion for relief from judgment is moot.

Conclusion

The Court GRANTS Petitioner's motion to reopen the time to file an appeal (ECF No. 17). Pursuant to Fed. R. App. P. 4(a)(6), the Court reopens the time to file an appeal for a period of 14 days from the date this Order is issued.

The Court DENIES Petitioner's motion for release on bond (ECF No. 19) and motion for relief from judgment (ECF No. 20).

                                            s/Sean F. Cox
                                            Sean F. Cox
                                            United States District Judge

Dated: September 12, 2022